IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LESLIE LEE AND STEPHANIE LEE, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 17 C 3027 |
| v. ) | |
| ) | Judge Jorge L. Alonso |
| NATIONSTAR MORTGAGE, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Before the Court is plaintiff's application to proceed *in forma pauperis* [4]. For the reasons set forth below, that motion is granted. On screening, the complaint is dismissed. Civil case terminated.

**STATEMENT**

To file and litigate a lawsuit *in forma pauperis* ("IFP"), "a plaintiff's income must be at or near the poverty level." *Bulls v. Marsh*, 89 C 3518, 1989 WL 51170, at *1 (N.D. Ill. May 5, 1989). Courts in this district have used the United States Health and Human Services ("HHS") poverty guidelines to determine whether a litigant is indigent.[1] *See Montgomery v. Scialla Assocs., Inc.,* No 15 C 10840, 2016 WL 721804, at *4 (N.D. Ill. Feb. 23, 2016); *Novotny v. Plexus Corp.*, No 13 C 05881, 2015 WL 3584570, at *3 (N.D. Ill. June 7, 2015). The most recent HHS guidelines indicate that the poverty level is $16,240 for a household of two. Since plaintiff Stephanie Lee has declared, under penalty of perjury, that her total income over the last twelve months was $5,000—well below the poverty line—the Court finds plaintiff indigent and grants her application to proceed IFP.

---

[1] The Health and Human Service Poverty guidelines can be accessed at https://aspe.hhs.gov/poverty-guidelines (last visited April 27, 2017).

Plaintiffs[2], proceeding pro se, filed a complaint seeking a "writ of de novo." (Compl. at 3.) Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court is required to screen and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Plaintiffs' documents are titled "United States Court of Appeals for the Seventh Circuit," include a case number of 12 CH 27547, and state that "as petitioner[s] in the Writ of De Novo [they are] seeking an immediate injunctive relief against all actions of the respondent." (*Id*. at 4.) Despite listing an address in Matteson, IL, plaintiffs state that they are "private American national citizen[s] of the United States of America who privately reside[] in a privately domicile [sic] outside of Federal District in a non-military private estate . . . not subject to the jurisdiction of the United States." (*Id.* at 5.) Plaintiffs do not allege facts sufficient for the Court to determine the basis of their claims, and as best as the Court can tell, seek to appeal a state-court mortgage foreclosure judgment.[3] "The *Rooker-Feldman* doctrine prevents lower federal courts from exercising jurisdiction over cases brought by state court losers challenging state court judgments rendered before the district court proceedings commenced." *Sykes v. Cook Cty. Circuit Court Prob. Div.,* 837 F.3d 736, 741 (7th Cir. 2016). "[N]o matter how erroneous or unconstitutional the state court judgment may be, the Supreme Court of the United States is the only federal court

---

[2] The IFP application was completed by Stephanie Lee only. The complaint lists Leslie Lee and Stephanie Lee as plaintiffs.

[3] In October 2016, the Illinois Appellate Court dismissed plaintiff Leslie Lee's appeal in Circuit Court of Cook County Case No. 12 CH 27547. *Nationstar Mortg. v. Lee,* 2016 IL App (1st) 160740-U. The appellate court stated that on September 19, 2014, the lower court confirmed the judicial sale of real estate in Matteson, Illinois for which plaintiffs in this case had executed a mortgage and note. *Id.* ¶ 2. In striking plaintiff's brief and dismissing the appeal, the appellate court noted "the brief presents no substantive argument directed at any particular error committed below, other than that the judgment below should be vacated based on . . . new causes of action. The particular contentions set forth in the brief are plainly characteristic of sovereign citizen theories which we have previously held are entirely without merit." *Id.* ¶ 5.

that could have jurisdiction to review a state court judgment." *Remer v. Burlington Area Sch. Dist.*, 205 F.3d 990, 996 (7th Cir. 2000). This Court does not have jurisdiction to hear plaintiffs' case, pursuant to *Rooker-Feldman*. Accordingly, it is dismissed.

**SO ORDERED.**                  **ENTERED: April 27, 2017**

_____
**JORGE L. ALONSO**
**United States District Judge**